## RICHARDS *vs.* CLARK'S EXECUTORS.

M. C., by the residuary clause of her will, gave a certain bond and mortgage, and certain shares of stock, to her daughter E. and her son J., to be divided between them, share and share alike. E. afterwards married and made a will, leaving all her property, real and personal, to her husband. The husband filed a bill against the executors of M. C., and her son J., for the payment to him of one half of the principal of the bond, and of the shares of stock, as well as of the interest and dividends, respectively accrued thereon, since the death of E. The defendants dispute the claim, and insist that J. is entitled to the whole thereof, as next of kin.

*Held*, that E. was entitled to one half of the principal of the mortgage, and of the shares of stock, upon the death of M. C. She could dispose of her interest in them by will; or if she had died intestate, it would belong to her husband, under the statute of distributions. Complainant entitled to the funds.

The bill in this cause was filed on the sixteenth day of May, 1867, by Seaman P. Richards, executor of his wife, Eliza Y. Richards, late of the city of Elizabeth, in this state, deceased. It sets forth that in 1862, at said city, Margaret H. Clark, a widow, and mother of the said Eliza, departed this life, having first duly made and published her last will and

testament, which was duly proved before the surrogate of the county of Union.

The bill alleges that in and by her said will, the said Margaret H. Clark did give and bequeath unto her daughter, the said Eliza Y. Richards, besides various specific articles, the interest upon a bond and mortgage executed by one Tichenor, for $6000, and also, the dividends declared upon her (the said Margaret's) shares of the capital stock of the State Bank at Elizabeth; that she directed her executors, if it should be necessary for said Eliza's support or comfort, to pay to her so much of the principal of said bond and mortgage as should be necessary therefor, or to sell the said stock and pay the proceeds to her; and after certain other gifts and directions, she did give and bequeath all the rest and residue of her estate, both real and personal, to her son, James H. Clark, and her daughter, the said Eliza Y. Richards (then Clark), to be divided share and share alike, to them, their heirs and assigns for ever; and appointed Elias Darby, and John D. Pierson, jun., the executors of the said will.

It alleges that the said Eliza Y. Clark was afterwards married to the complainant, and subsequently thereto departed this life, having first duly made and published her last will and testament; and that therein and thereby she did give and bequeath to the complainant all her estate, both real and personal, to him and his heirs for ever, and did appoint him one of the executors of said will; and that he duly proved the same.

It further alleges that one child was born to him by the said Eliza, who died in infancy, and before the said Eliza; and that said Eliza and James H. Clark were the only children of the said Margaret H. Clark.

The bill charges that no part of the principal of said mortgage was paid to or for the support of the said Eliza, nor was any part of said bank stock sold in her lifetime; but that said mortgage and bank stock still remain in the hands of the executors of the said Margaret. It alleges that the complainant is entitled, as executor of the said Eliza, to the

one half part of the principal of said mortgage, and of the interest thereon since her death, and all the interest accrued thereon and unpaid to her at her death; and to one half of said bank stock, and of all dividends thereon since said Eliza's death, and all of the dividends accrued thereon and unpaid to her at the time of her death; and that the executors have refused to pay over such interest and dividends as have accrued since said Eliza's death, under doubt as to whether, under said wills, the said complainant is entitled to the same.

The bill prays that the said executors may be decreed to pay over and transfer to the complainant, the one half part of said bank stock, and of the interest and dividends accrued on said mortgage and stock respectively, since said Eliza's death.

The defendants, by their answer, admit the general allegations of the bill; but deny that the complainant, as executor of the said Eliza, is entitled to one half part of the principal of said mortgage, or to the interest which has accrued thereon since the death of the said Eliza, or to one half of the said bank stock, or to the dividends declared thereon since the death of the said Eliza. They allege that the contingency never happened upon which the said executors were to pay to the said Eliza any part of the principal of said mortgage, or of the stock; that she never requested, or desired them to pay anything more than the interest and dividends. They aver that upon the death of the said Eliza, the defendant, James H. Clarke, as next of kin of the testatrix, Margaret H. Clark, his mother, became and is now entitled to said bond, mortgage, and bank stock, and to the interest and dividends accruing thereon since the death of the said Eliza.

The cause was heard upon bill and answer.

*Mr. Runyon* and *Mr. Guild,* for complainant.

*Mr. R. S. Green,* for defendants.

THE CHANCELLOR.

The Tichenor mortgage, and State Bank shares, belonging to the testatrix, Margaret H. Clark, were not bequeathed or disposed of by any specific bequest in her will. They were, therefore, part of the rest and residue of her estate given equally to her two children; and one half of them belonged to her daughter Eliza, at the death of Eliza, and she could dispose of it by will.

Had Margaret H. Clark died intestate as to the principal of that mortgage and those bank shares, the right to them would, at her death, have vested in her two children, equally, as next of kin. Eliza could dispose of her interest in them by will; or if she had died intestate, they would belong to her husband under the statute of distributions. In either case, the complainant is entitled to these two funds.*

3. An antenuptial settlement, which, upon its face and by its recitals, was intended to secure to the wife the absolute control over all her own property, including what might come to her after marriage, and which gave to her absolute power of disposition, either to her children or strangers, and gave the property to the children of the marriage, only on failure of disposition by her, will not be enforced in favor of the children by construing words of grant into a covenant to convey, and enforcing the conveyance. Such construction will only be made to fulfill the intention of the parties.

---

* Decree affirmed, 6 *C. E. Gr.* 361.